## Appeal of Christopher Fox et al.

Property assigned for the benefit of the individual creditors of a partner cannot be applied by the assignee to the payment of the debts of the firm until the individual creditors have been paid.

Where an assignee for the benefit of individual creditors becomes surety on appeal from a judgment against the firm of which the assignor is a member and on affirmance of the judgment pays the debt out of the assigned estate, he will be surcharged therewith. ·

(Argued October 14, 1887.  Decided October 31, 1887.)

· October Term, 1887, No. 180, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.  Certiorari sur appeal from a decree of the Common Pleas of Westmoreland County confirming the report of auditors to distribute an assigned estate.  Affirmed.

Before John Armstrong and W. H. Young, Esqs., the auditors appointed to distribute the assigned estate of David Fox, it appeared that the accounts of the assignees Christopher and William Fox showed a personal estate fund of $946.25, of which $629.25 was derived from the sale of the assignor's goods, and the balance was the share of the assignees in the profits of coal

Cited in Decker's Estate, 7 Pa. Dist. R. 141, 142, 20 Pa. Co. Ct. 318, 6 Northampton Co. Rep. 308, 311.

NOTE.—Individual creditors are entitled to preference in the proceeds of a separate estate assigned, as against creditors of a partnership of which the assignor was a member.  Black's Appeal, 44 Pa. 503; Hoffer's Appeal, 3 Brewst. (Pa.) ·164.  The wages due, for which the lien was claimed in Fox's APPEAL, were for work done for the firm, and those claims were therefore not entitled to share.  The same ruling was made in Hartman's Appeal, 107 Pa. 327, and Decker's Estate, 7 Pa. Dist. R. 141, 20 Pa. Co. Ct. 318, 6 Northampton Co. Rep. 308.

mines owned by the assignor and others in partnership under the name of Fox, Kifer, & Co.; and also a real-estate fund of $22,944.20, of which $1,800 was derived from the sale of the assignor's interest in the coal mines which had formerly been worked by Fox, Kifer, & Co., and the balance was the proceeds of the sale of farm lands owned by the assignor.

The accountants claimed credit for several payments made by them.

Among these was an item of $4,735.62, the amount of labor claims by miners against Fox, Kifer, & Co., which the assignees, having become sureties in appeals by the firm from the judgments of a justice of the peace, had paid.

To this credit exceptions were filed by the individual creditors of the assignee. Upon sustaining the exceptions disallowing the credit and surcharging the accounts therewith, the auditors reported as follows:

"The exceptions relating to the allowance of the labor claims in the personal and real estate fund alike have been sustained and the accountants surcharged with the entire amount, except two or three items in the personal estate. The amount with which they have been surcharged on this account is $4,735.62. There are several distinct grounds upon which the exclusion of these claims rests; but it is enough that no part of the fund now for distribution or in the hands of the assignees at any time belonged to the firm of Fox, Kifer, & Co., against whom these labor claims were. It is all the proceeds of the individual estate of David Fox; and not being sufficient to satisfy his individual debts, these payments on account of the partnership debts cannot be sustained. And further, these claims do not conform to the act of 1883, P. L. p. 118."

To this action on the part of the auditors, and to their findings of fact in regard to other claims presented to them, the assignees filed exceptions. The court below overruled the exceptions and confirmed the report, and this was assigned as error.

*M'Afee, Atkinson, & Peoples,* for appellants.—A judgment against a firm is a lien on the separate real estate of the partners, and is entitled to priority in the distribution of the proceeds of sale of such separate real estate over a subsequent judgment of a separate creditor of the partner whose real estate was sold. Cumming's Appeal, 25 Pa. 268, 64 Am. Dec. 695; Gallagher's Appeal, 114 Pa. 353, 60 Am. Rep. 350, 7 Atl. 237.

Such a judgment against a firm is indexed in the judgment docket, not only against the firm, but also against the individual members of the firm, not only giving their surnames, but also their Christian names, and its lien binds the separate real estate of each member of the firm located within the county.    This is sufficient notice to all the world as to the existence of the lien. Ridgway's Appeal, 15 Pa. 177, 53 Am. Dec. 586; York Bank's Appeal, 36 Pa. 458.

These labor claims were for labor performed by miners at the Eureka mines during three months prior to the assignment. The interest of the assignor, David Fox, in the mines remained undisposed of until sale was made by the assignees.    All liens of record against Fox were fully paid and satisfied by the proceeds of his real estate, outside of his interest in the mines, with a large surplus to be distributed to his general unsecured creditors.

The act of April 9, 1872, giving priority to wages for manual labor, is a remedial statute, and should have a fair and liberal interpretation.    Dame's Appeal, 62 Pa. 417.

*Alex. Eicher* and *Moorhead & Head,* for Wm. Hillis, an individual creditor, appellee.—The fund for distribution arises exclusively from the individual estate of David Fox.   Not a penny of it represents any property of the firm of Fox, Kifer, & Co.

If the miners and laborers who worked for the firm have any right to be paid out of the present fund, to the prejudice of the individual creditors of David Fox, they must acquire it either by virtue of the lien given them by the act of 1872, or else by virtue of the judgments they obtained.

A lien for wages, under the act, will attach only to the property of the employer, and if that employer be a firm the lien cannot be enforced against the property of one of the individuals composing that firm.    Hartman's Appeal, 107 Pa. 327.

Even a fund raised by the sale of the interest of Fox in the partnership property of Fox, Kifer, & Co. would not be subject to liens by the present claimants.    Ward's Appeal, 81* Pa. 270.

Clearly, therefore, the claimants had no lien on any part of the fund.

PER CURIAM:

None of the exceptions in this case can be sustained.    The

report of the auditors, so far as we have it before us, is clear, direct and conclusive; nor can we perceive that they made any mistake in the application of the law to the facts which were developed during the progress of the cause.

Appeal dismissed, and decree affirmed, at the costs of the appellants.